IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTHBEND DIVISION

| | |
|---|---|
| DANIEL JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv- |
| WESTVILLE CORRECTIONAL FACILITY, John Doe Guards 1-10 | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Daniel Johnson was imprisoned at the Westville Correctional Facility and has since been released from the IDOC. While incarcerated, Mr. Johnson was attacked by two inmates at Westfield Correctional, denied protection, and beaten by the guards at Westfield Correctional, and then raped and beaten by an inmate in the shower.

Comes now Daniel Johnson, Plaintiff, and brings this Complaint for damages.

I.   PARTIES

1. Daniel Johnson is a natural person, a citizen of the United States, and a resident of Allen County, Indiana. He may be served through his attorney whose contact information is found below.

2. Westville Correctional Facility is an Indiana Prison operated by the Indiana Department of Corrections and is located in LaPorte County, Indiana.

## II.   JURISDICTION AND VENUE

3. Mr. Johnson is seeking relief for the violation of the rights guaranteed to him by the US Constitution and is bringing his claims pursuant to 42 U.S.C. § 1983, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Mr. Johnson's state law claims.

5. Venue in this Court, as all events occurred in this division of the United States District Court for the Northern District of Indiana.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## III.   FACTS

7. The commencement of this action is based on injuries suffered by Mr. Johnson in October 2019 and March 2020.

8. These injuries resulted from the actions and inactions of the defendant(s).

9. On October 27, 2019, while incarcerated at Westville Correctional, Mr. Johnson was attacked by two inmates on October 27, 2019.

10. The attack left Mr. Johnson unconscious

11. And with a broken bone in Mr. Johnson's face

12. He also sustained multiple lacerations.

13. The inmates who beat Mr. Johnson are believed to be members of the "Folks Gang", also known as the "Gangster disciples".

14. One of the inmates involved in the beating was taken to Segregation (hereinafter "SEG"),

15. angering other members of the Folks Gang.

16. When Mr. Johnson returned to his dorm after the beating, he was harassed and threatened by inmates supportive of the attackers.

17. This caused Mr. Johnson to fear for his safety.

18. Mr. Johnson informed the guards of the threats he was receiving from the Folks Gang and others

19. Mr. Johnson reasonably feared for his safety.

20. Mr. Johnson pleaded with the guards to not be returned to his original dorm because of his fear of retaliation from the Folks Gang and other inmates.

21. The guards were deliberately indifferent to Mr. Johnson's safety concerns.

22. The guards placed Mr. Johnson in handcuffs.

23. While handcuffed, the guards beat Mr. Johnson

24. And slammed his head into a concrete pillar.

25. Resulting in two broken molars.

26. After being beaten by the guards, Mr. Johnson was transferred to a new dorm.

27. At the beginning of November 2019, one of the inmates who originally attacked Mr. Johnson was transferred to his new dorm.

28. Mr. Johnson was then placed in protective custody on November 4, 2019.

29. This did not stop the threats and harassment from other inmates.

30. On March 19, 2020, Mr. Johnson reported the threats and harassment to guards.

31. He again feared for his safety

32. And informed the guards of his fear.

33. The guards were deliberately indifferent to the concerns for his safety expressed by Mr. Johnson.

34. More specifically, the guards responded by laughing at Mr. Johnson

35. And sending him back to his dorm.

36. His property was then stolen while the guards looked on.

37. Mr. Johnson was then anally raped in the shower by an inmate.

38. Mr. Johnson sustained damage to his teeth as a result of the assaults, including broken teeth.

39. Mr. Johnson made several medical requests to have his teeth examined and fixed.

40. It took Westfield Correctional six months or more to examine his teeth.

41. They pulled one of his teeth and left the other teeth uncorrected.

### IV.     CAUSES OF ACTION

<u>Count 1: Violation of the 8th Amendment of the U.S. Constitution (42 U.S.C. § 1983)</u>

42. Mr. Johnson incorporates by reference all allegations above and below this Count as though the same were fully set out herein.

43. Through the actions and inactions of its employees and agents, Westville Correctional was deliberately indifferent to the safety and well-being of Mr. Johnson.

44. Mr. Johnson needlessly suffered because of the violent, degrading, and inhumane treatment of the guards at Westville Correctional Facility.

45. Westville's deliberate indifference to the safety of Mr. Johnson constitutes cruel and unusual punishment, in violation of the rights guaranteed to him by the Eighth Amendment to the U.S. Constitution.

46. The cruel and unusual punishment Mr. Johnson endured as a result of Westville Correctional's actions and inactions caused him serious pain, discomfort, humiliation, and mental anguish.

Count 2: Violations of Indiana Constitution Article I Section 16 (Declaratory Relief Only)

47. Mr. Johnson incorporates by reference all allegations above and below this Count as though the same were fully set out herein.

48. Article I, Section 16 of the Indiana Constitution prohibits cruel and unusual punishment.

49. Westville Correctional violated Mr. Johnson's rights under Article I, Section 16 of the Indiana Constitution through its actions and inactions, and its deliberate indifference to an obvious threat to Mr. Johnson's safety.

50. Westville Correctional's treatment of Mr. Johnson, as well as their lack of treatment of him, constitutes cruel and unusual punishment.

51. Mr. Johnson is seeking only declaratory relief for this Count.

Count 3: Negligence

52. Mr. Johnson incorporates by reference all allegations above and below this Count as through the same were fully set out herein.

53. Westville Correctional owed a duty of care to Mr. Johnson to ensure his safety while in their custody.

54. Westville Correctional breached its duty to Mr. Johnson by failing to protect him from known threats to his safety on or about October 27, 2019.

55. Westville Correctional's breach of duty caused Mr. Johnson to suffer extreme pain and suffering.

56. Westville Correctional's breach of duty caused Mr. Johnson to suffer severe mental anguish.

57. Westville Correctional's breach of duty was and is willful, wonton, and/or reckless.

## Count 4: Negligence

58. Mr. Johnson incorporates by reference all allegations above and below this Count as though the same were fully set out herein.

59. Westville Correctional owed a duty of care to Mr. Johnson to ensure his safety while in their custody.

60. Westville Correctional breached its duty to Mr. Johnson by failing to protect him from known threats to his safety on or about March 19, 2020.

61. Westville Correctional's breach of duty caused Mr. Johnson to suffer severe mental anguish.

62. Westville Correctional's breach of duty was and is willful, wonton, and/or reckless.

## Count 5: Respondeat Superior/Vicarious Liability

63. Mr. Johnson incorporates by reference all allegations above and below this Count as though the same were fully set out herein.

64. That at all times relevant to this action, the guards referenced throughout this complaint were the employees of, or the express or implied agents of, Westville Correctional Facility.

65. The guards engaged in tortious conduct while so employed.

66. The guards' conduct was committed within the scope of their employment.

67. The guards' conduct was the direct and proximate cause of injuries to Mr. Johnson.

68. The guards' tortious conduct is imputed to Westville Correctional Facility by respondeat superior, and Westville Correctional is liable as principal for all injuries and damages to Mr. Johnson resulting from the tortious conduct of the guards.

<u>Count 6: Battery</u>

69. Mr. Johnson incorporates by reference all allegations above and below this Count as though the same were fully set out herein.

70. The guards did touch Mr. Johnson in a rude, insolent, or angry manner on or about October 27, 2019.

71. That said contact was harmful and offensive.

72. That said contact was without the consent of Mr. Johnson.

73. That said contact resulted in injuries to Mr. Johnson.

<u>Count 7: Violation of the 8th Amendment of the U.S. Constitution (42 U.S.C. § 1983)</u>

74. Mr. Johnson incorporates by reference all allegations above and below this Count as though the same were fully set out herein.

75. Through the actions and inactions of its employees and agents, Westville Correctional was deliberately indifferent to the safety and well-being of Mr. Johnson.

76. Mr. Johnson needlessly suffered because of Westville Correctional ignored Mr. Johnson's repeated requests for medical treatment for the damage resulting from his assault.

77. Westville's deliberate indifference to the safety of Mr. Johnson constitutes cruel and unusual punishment, in violation of the rights guaranteed to him by the Eighth Amendment to the U.S. Constitution.

78. The cruel and unusual punishment Mr. Johnson endured as a result of Westville Correctional's actions and inactions caused him serious pain, discomfort, humiliation, and mental anguish.

**V.     PRAYER FOR RELIEF**

Mr. Johnson prays the Court will enter judgment in his favor against the Defendant, declare Defendant's conduct unconstitutional, award Mr. Johnson damages, including punitive damages, in an amount to be determined at trial, for attorneys' fees and costs pursuant to 42 U.S.C. §1988, and for all other relief just and proper in the premises.

## VI. JURY DEMAND

Mr. Johnson demands a jury trial on all issues and matters so triable.

Respectfully submitted,

/s/ Ashley Kincaid Eve
Ashley Kincaid Eve #35522-49
A.K. Eve Law, LLC
2411 Kettering Way
Indianapolis, IN 46214
(317) 800-2887
ashley@socialjusticeworkers.com

/s/ Gabrielle Olshemski
Gabrielle Olshemski, #36467-49
Jonathan Little #27421-49
Saeed & Little, LLP
133 West Vermont Street, #189
Indianapolis, IN 46204
gaby@sllawfirm.com
jon@sllawfirm.com
(317)721-9214
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was served on the below named parties by first class U.S. postage, pre-paid, on this 12 day of April 2021.

Westville Correctional Facility
5501 S 1100 W
Westville, IN 46391

Office of Attorney General
Government Center South, 5th floor
302 W. Washington Street
Indianapolis, IN 46204

                                      */s/ Ashley Kincaid Eve*
                                      Ashley Kincaid Eve
                                      Attorney for Plaintiff