UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL JOHNSON,

                Plaintiff,

      v.                                          CAUSE NO. 3:21-CV-337 DRL-MGG

JOHN GALIPEAU *et al.*,

                Defendants.

## OPINION AND ORDER

On August 17, 2021, Daniel Johnson, a former inmate at the Westville Correctional Facility, filed a second amended complaint against Warden John Galipeau, Sergeant Nichols, Officer Brown, Captain Armstrong, Lieutenant Escabado, and unnamed John Doe Guards 1-10.[1] His complaint alleges claims under the Eighth Amendment to the United States Constitution, Indiana Constitution, and state law claims for negligence and battery arising out of incidents in October 2019 and March 2020. The defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The court now grants and denies the motion to dismiss in specific parts.

## BACKGROUND

These facts assume the truth of the allegations pleaded within the second amended complaint. While incarcerated at the Westville Correctional Facility, two inmates assaulted Mr. Johnson on October 27, 2019, leaving him unconscious with a broken face bone and multiple lacerations [ECF 14 ¶¶ 17-19]. His attackers are believed to be members of the Folks Gang [*id.* ¶ 20].

---

[1] It is important to this court that each party is referred to by their proper title. The docket uses the title "sergeant" in reference to defendant Brown. However, both parties use the title "officer." Because both parties use the designation of Officer Brown, so will the court.

Following the attack, inmates who supported the attackers threatened and harassed Mr. Johnson in his dormitory [*id.* ¶ 22]. Sergeant Nichols and Officer Brown took Mr. Johnson to get medical attention for his injuries from the attack [*id.* ¶ 25]. Mr. Johnson pleaded with the guards not to return him to the same dormitory after informing the guards of the threats and harassment he was receiving from the Folks Gang and his fear of retaliation [*id.* ¶¶ 24-26].

Subsequently, as alleged, Officer Brown pushed a handcuffed Mr. Johnson into a concrete pillar breaking two of his teeth, threw him onto his bed, and twisted his wrists [*id.* ¶¶ 29-31]. Mr. Johnson says Officer Brown also threatened him [*id.* ¶ 32].

Mr. Johnson was then transferred to a new dorm after Officer Brown beat him [*id.* ¶ 33]. One of the inmates who attacked Mr. Johnson was transferred to Mr. Johnson's new dormitory in November 2019 [*id.* ¶ 34]. Mr. Johnson was placed in protective custody on November 4, 2019, and eventually returned to his dormitory [*id.* ¶¶ 35-36]. He says the threats and harassment from other inmates continued, but he never alleges that he reported anything new for four months.

On March 19, 2020, Mr. Johnson reported threats and harassment to Captain Armstrong and Lieutenant Escabado who laughed off his concerns [*id.* ¶¶ 38, 41, 43]. He also told Officer Mix and two unknown guards [*id.*]. Mr. Johnson's commissary was stolen and property destroyed while he talked with the prison guards and the guards looked on [*id.* ¶¶ 44-45]. That same night, he was raped by an inmate in the shower [*id.* ¶ 46]. The operative complaint never explains whether this occurred by one of the inmates who had threatened him or whether the inmate was part of the Folks Gang.

The defendants, excluding Sergeant Nichols and John Doe Guards 1-10, filed a motion to dismiss all claims against them on October 15, 2021. Mr. Johnson responded on November 8, 2021. No reply was filed. Sergeant Nichols filed an unopposed motion to join the motion to dismiss on December 21, 2021 because he hadn't been served when this motion to dismiss was filed. No one objects to the joinder.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff need not plead "detailed factual allegations." *Id.* A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

DISCUSSION

Mr. Johnson's second amended complaint includes seventeen counts. Counts 1-5, brought under 42 U.S.C. § 1983, allege the defendants violated Mr. Johnson's Eighth Amendment right to be free from cruel and unusual punishment. He says they were deliberately indifferent to his safety and well-being by ignoring his pleas for safety and forcing him into an environment they knew to be unsafe. Additionally, he alleges in count 3 that Officer Brown violated his Eighth Amendment right by using excessive force. He sues Warden Galipeau under a theory of supervisory liability.

Counts 6–16 allege numerous state law violations. Counts 6–10 assert violations of the Indiana Constitution's prohibition of cruel and unusual punishment, counts 11–15 allege negligence on the part of all defendants for their breach of duty to protect Mr. Johnson, and count 16 alleges Officer Brown committed battery.

In count 17, Mr. Johnson pursues a *Monell* claim against Warden Galipeau for maintaining policies and practices that enabled the violations of Mr. Johnson's Eighth Amendment right. Mr. Johnson withdraws this claim in his response to the motion to dismiss [ECF 23 at 5]. The court need not address this claim further since both parties agree to its dismissal.

The defendants argue that all counts should be dismissed for failure to state a claim. They say counts 1–5 should be dismissed because Mr. Johnson failed to plead sufficient facts to support a plausible claim, counts 6–10 should be dismissed for the same reasons as counts 1-5, and counts 11-16 because they are barred by the Indiana Tort Claims Act (ITCA). Alternatively, the defendants argue that the state law claims should be dismissed for lack of supplemental jurisdiction once the federal claims are dismissed. Mr. Johnson argues that he properly pleaded his claims and that he complied with the notice requirements of the ITCA.

A.    *A Plausible Claim Wasn't Alleged against Warden Galipeau (Count 1).*

In count 1, Mr. Johnson alleges that Warden Galipeau violated Mr. Johnson's Eighth Amendment right because he "is responsible for [Westville Correctional Facility's] [c]onstitutional operation" [ECF 14 ¶ 54]. In response, Warden Galipeau argues Mr. Johnson failed to plead sufficient facts indicating Warden Galipeau was directly involved in the alleged constitutional violations.

"An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A supervisor won't be liable without "a showing of direct responsibility for the improper action[.]" *Id.* Individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Richman v. Sheahan*, 512 F.3d 876, 885 (7th Cir. 2008). A "supervisor 'must know about the conduct and facilitate it, condone it, or turn a blind eye for fear of what they might see. They must act either knowingly or with deliberate, reckless indifference.'" *Mayes v. City of Hammond*, 442 F. Supp.2d 587,

634 (N.D. Ind. 2006) (quoting *Jones v. City of Chi.*, 856 F.2d 985, 992-93 (7th Cir. 1988)). "A failure to protect claim may sound against even a 'high-level' official so long as the averred risk is specific to a detainee, and not a mere general risk of violence." *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005).

Mr. Johnson doesn't allege Warden Galipeau was directly involved or pleaded any facts to suggest that Warden Galipeau was directly involved, knew of the misconduct, or created a situation that encouraged the misconduct that occurred in October 2019 or March 2020. No policy, inaction, or action is alleged to be attributable to Warden Galipeau outside of his authority as warden. This is insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. The court dismisses count 1 against Warden Galipeau.

 B. *Mr. Johnson Alleges a Plausible Claim for Excessive Force against Officer Brown (Count 3), But Not a Failure to Protect Claim against Sergeant Nichols or Officer Brown (Counts 2-3).*

In counts 2–3, Mr. Johnson alleges that Sergeant Nichols and Officer Brown were deliberately indifferent to his safety and well-being by ignoring his pleas for safety and forcing him into an environment they knew to be unsafe in violation of the Eighth Amendment. These defendants argue counts 2-3 should be dismissed because Mr. Johnson failed to plead sufficient facts—specifically particularized threats—to establish plausibly that they knew of a substantial risk of harm to him.

The Eighth Amendment "imposes upon prison officials the duty to 'take reasonable measures to guarantee the safety of the inmates.'" *Brown*, 398 F.3d at 909 (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a failure to protect claim, a plaintiff-inmate must allege that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials acted with deliberate indifference to that risk." *Id.* (quotations omitted). He must "allege facts sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)).

Allegations of a generalized risk of violence are not enough to state a claim. *Brown*, 398 F.3d at 913. Instead, a prisoner must allege a "tangible threat to his safety or well-being," *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *accord Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995), and that this substantial risk of future harm was "so great" that it was "almost certain to materialize if nothing [was] done," *Brown*, 398 F.3d at 911. "[A] prisoner may bring a claim when the deliberate indifference of prison officials creates a likelihood of future harm even if no harm is presently manifested." *Devbrow v. Kalu*, 705 F.3d 765, 769 (7th Cir. 2013) (citing *Helling v. McKinney*, 509 U.S. 25, 31-35 (1993)). His claim must be plausible. *See Indep. Trust*, 665 F.3d at 935.

Mr. Johnson alleges that threats from the Folks Gang constituted a substantial risk of harm, and Sergeant Nichols and Officer Brown knew of this substantial risk of harm and disregarded it. On October 27, 2019, Mr. Johnson was assaulted by members of the Folks Gang. The second amended complaint includes no facts that indicate that either Sergeant Nichols or Officer Brown knew about an imminent threat to Mr. Johnson before his attack on October 27, 2019.

After the attack, Sergeant Nichols and Officer Brown took Mr. Johnson to receive medical treatment. Nothing indicates that these officers were deliberately indifferent to his need for medical care. Before processing Mr. Johnson back to his dorm, Mr. Johnson told these two officers about the threats from the Folks Gang and asked them not to take him back to this dorm for fear of retaliation. Officer Brown placed him initially in his original dorm; but, according to the second amended complaint, Mr. Johnson was then immediately transferred to a new dorm and before any new incidents occurred. It cannot be plausibly said then that either Sergeant Nichols or Officer Brown were deliberately indifferent to Mr. Johnson's safety when he was returned without incident from other inmates and promptly moved to a new location, pursuant to Mr. Johnson's very request. No facts plausibly show that a substantial risk of future harm was "so great" that it was "almost certain to materialize if nothing [was] done" on this prompt timetable. *Brown*, 398 F.3d at 911.

The second amended complaint also includes no facts to suggest that Sergeant Nichols or Officer Brown knew but recklessly disregarded any risk to Mr. Johnson's safety in his new dorm on March 19, 2020. The court thus grants the motion to dismiss the failure to protect claims against Sergeant Nichols and Officer Brown.

In count 3, Mr. Johnson also alleges that Officer Brown violated his Eighth Amendment right when he "acted willfully and wantonly by beating" him [ECF 14 ¶ 68]. To succeed on a federal claim of excessive force, a plaintiff must submit evidence that the guard's actions were malicious attempts to inflict suffering rather than good-faith efforts to restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The infliction of pain is per se malicious if it is done "totally without penological justification." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (internal citations omitted). "[T]he key inquiry in an excessive-force case is the amount of force used, not the degree of harm that was inflicted on the victim." *White v. Hefel*, 875 F.3d 350, 358 (7th Cir. 2017). Officer Brown offers no argument or authority to dismiss the excessive force claim, so this claim remains. *See Gross v. Town of Cicero*, 619 F.3d 697, 704-05 (7th Cir. 2010).

C.    *Mr. Johnson Never Alleges a Plausible Claim for Deliberate Indifference against Captain Armstrong and Lieutenant Escabado (Counts 4-5).*

In counts 4-5, Mr. Johnson contends that Captain Armstrong and Lieutenant Escabado were deliberately indifferent to his safety and well-being. He alleges they knew of the threats to his safety but disregarded them. Mr. Johnson alleges that "[o]n March 19, 2020, [he] reported the threats and harassment to Captain Armstrong, Lieutenant Escabado, Officer Mix, and two unknown guards" and he "informed the guards of his fear" [ECF 14 ¶¶ 38, 41]. His commissary was "stolen by inmates while the guards looked on" and that same night he "was anally raped in the shower by an inmate" [*id.* ¶¶ 44, 46]. Captain Armstrong and Lieutenant Escabado assert that they could not have acted with deliberate indifference because Mr. Johnson's reported concerns lacked specificity and were more akin to general allegations of fear. *See Klebanowski*, 540 F.3d at 639-40. The court agrees.

Mr. Johnson only alleges he told Captain Armstrong and Lieutenant Escabado about "threats and harassment" and "fear" [*id.* ¶¶ 38, 41]. This alone isn't enough. *See Klebanowski*, 540 F.3d at 639-40; *Butera v. Cottey*, 285, F.3d 601, 606-07 (7th Cir. 2002). He doesn't allege Captain Armstrong and Lieutenant Escabado knew who threatened him, not even whether the threat came from a particular group such as the Folks Gang. He doesn't allege that either officer knew about the prior incident in October 2019. He doesn't say these two officers knew that the inmate who raped him in March 2020 posed a threat. He alleges guards saw his commissary being stolen but doesn't allege which guards or who stole the commissary, much less that stolen commissary would alert these two officers to a substantial or imminent risk of harm to Mr. Johnson. He hasn't plausibly alleged an Eighth Amendment failure to protect claim against Captain Armstrong and Lieutenant Escabado, so counts 4 and 5 are dismissed.

> D.     *The Court Exercises Supplemental Jurisdiction Over the State Constitutional Claims Against Officer Brown and Warden Galipeau, Negligence Claim Against Warden Galipeau, and Battery Claim Against Officer Brown Related to the Remaining Federal Excessive Force Claim against Officer Brown.*

The defendants argue that all state law claims should be dismissed for lack of supplemental jurisdiction. Federal district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Article III confers federal jurisdiction over cases or controversies rather than over claims." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181-82 (7th Cir. 1993). Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (same statement); *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (concluding that § 1367 ratified *Gibbs*). "A loose factual connection between the claims is generally sufficient." *Ammerman*, 54 F.3d at 424.

The Eighth Amendment claim of excessive force against Officer Brown is the sole remaining federal claim. The state law claims against Warden Galipeau and Officer Brown—excluding the negligence claim against Officer Brown (count 13) based on a failure to protect—derive from a common nucleus of operative fact as the remaining excessive force claim. The court elects to retain jurisdiction over these state law claims (counts 6, 8, 11, and 16). The remaining state law claims against the other defendants do not derive from the same facts underpinning the excessive force claim against Officer Brown, so the court dismisses them for lack of jurisdiction.

In counts 6 and 8, Mr. Johnson states Warden Galipeau and Officer Brown violated the Indiana Constitution's prohibition: "[c]ruel and unusual punishments shall not be inflicted." Ind. Const. art. I, § 16. Mr. Johnson requests declaratory relief, compensatory damages, and punitive damages. No Indiana court has recognized a right of action for monetary damages under the Indiana Constitution, so Mr. Johnson cannot succeed on such a claim for such damages. *See Cantrell v. Morris*, 849 N.E.2d 488, 499 (Ind. 2006); *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985-86 (Ind. Ct. App. 2007).

Indiana courts apply the same deliberate indifference standard under the state constitution as the Eighth Amendment deliberate indifference standard. *See Ratliff v. Cohn*, 693 N.E.2d 530, 544 (Ind. 1998) (citing *Madrid v. Gomez*, 889 F. Supp. 1146, 1256 (N.D. Cal. 1995) ("To prove deliberate indifference, plaintiffs must demonstrate . . . that defendants (1) knew the risk to inmate health that this inadequacy posed, and (2) acted with disregard for this risk. In short, plaintiffs must show that defendants 'consciously disregarded' a substantial risk of serious harm to plaintiff's health or safety. Accidental or inadvertent failure to provide adequate care will not suffice."); *see also Delauro v. Corr. Med. Servs.*, 2012 U.S. Dist. LEXIS 121998, 27 n.11 (N.D. Ind. Aug. 28, 2012). For the same reasons the federal claims survive or fall, so do the state constitutional claims. Count 6 is dismissed, but count 8 remains based on the allegation of excessive force against Officer Brown.

E.      *The State Law Battery Claim May Proceed Against Officer Brown, but the Negligence Claim is Barred by the ITCA as to Warden Galipeau (Counts 11, 16).*

Prison officers enjoy tort immunity under the ITCA, except in precise circumstances. *See* Ind. Code § 34-13-3-5. To sue a governmental employee personally, the plaintiff must "allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Indiana Code § 34-13-3-5(c). "Under the [ITCA], there is no remedy against the individual [when] he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Smith*, 871 N.E.2d at 986 ("prison officers are shielded from liability in their official capacity under the [ITCA]").

Merely alleging malice or wantonness in word, for examples, isn't enough. The complaint "must contain a reasonable factual basis supporting the allegations." Ind. Code § 34-13-3-5(c); *see also Iqbal*, 556 U.S. at 678. The ITCA's purpose is to "ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. 2000). "Because the ITCA is in derogation of the common law, [courts] construe it narrowly against the grant of immunity." *Mangold v. Ind. Dep't of Nat. Res.*, 756 N.E.2d 970, 975 (Ind. 2001). "The party seeking immunity bears the burden of establishing its conduct comes within the Act." *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 480 (Ind. 2003), *reh'g denied*.

Mr. Johnson alleges state tort claims of negligence against Warden Galipeau and battery against Officer Brown. He alleges their conduct was willful and wanton.[2] These defendants argue that they are immune from suit under the ITCA because Mr. Johnson failed to supply sufficient facts supporting

---

[2] Under Mr. Johnson's battery claim (count 16), he does not explicitly allege that Mr. Brown's conduct was willful and wanton [ECF 14 ¶¶ 145-149]. However, he "incorporates by references all allegations above and below [Count 16] as though the same were fully set out herein," [*id.* ¶ 145], which would include his allegations in counts 3 and 8 that "Officer Brown acted willfully and wantonly by beating Mr. Johnson," [*id.* ¶¶ 68, 97].

the allegations that the defendants acted willfully and wantonly. In response, Mr. Johnson states that he has timely complied with the notice requirements under the ITCA. Though that remains true to sue under the ITCA, tort claims under Indiana law are subject to both the procedural and substantive requirements of the ITCA, *Taleyarkhan v. Purdue Univ.*, 837 F. Supp.2d 965, 968 (N.D. Ind. 2011), so Mr. Johnson must also allege facts supporting the allegations of willful and wanton conduct in his complaint, *see* Ind. Code § 34-13-3-5(c).

> In Indiana willful and wanton conduct under the ITCA is described as follows:
>
> [E]ither: 1) an intentional act done with reckless disregard of the natural and probable consequence of injury to a known person under the circumstances known to the actor at the time; or 2) an omission or failure to act when the actor has actual knowledge of the natural and probable consequence of injury and his opportunity to avoid the risk. The elements of willful or wanton misconduct are: (1) the defendant must have knowledge of an impending danger or consciousness of a course of misconduct calculated to result in probable injury; and (2) the actor's conduct must have exhibited an indifference to the consequences of his conduct. Also, our supreme court has accepted that "wanton and willful" and "reckless" seem to imply the same disregard for the safety of others.

*Ellis v. City of Martinsville*, 940 N.E.2d 1197, 1204-05 (Ind. Ct. App. 2011) (quotations and citations omitted). The federal deliberate indifference standard and Indiana willful and wanton standard are remarkably similar.

Mr. Johnson has failed to plead sufficient facts to support a claim that Warden Galipeau acted willfully and wantonly. He supplies no facts as to policies, actions, or inaction attributable to Warden Galipeau to support any allegation that the Warden's conduct was willful and wanton. Thus, his negligence claim against Warden Galipeau cannot proceed. Count 11 is dismissed.

Mr. Johnson's claim of battery falls outside the protections of the ITCA because he advances facts that plausibly establish, at least at this early pleading stage, that Officer Brown's conduct was willful and wanton. Mr. Johnson alleges Officer Brown pushed him while handcuffed into a concrete pillar, threw him onto his bunk, and twisted his wrists. This factual basis reasonably supports Mr. Johnson's allegation that Officer Brown's conduct was willful and wanton. *See Ellis*, 940 N.E.2d at

1204-05; Ind. Code §34-13-3-5(c). This defendant bears the burden of establishing his conduct comes within the ITCA's protections, but here he hasn't done so. *See King*, 790 N.E.2d at 480. Count 16 thus remains past this pleading stage.

F.    *Claims Against Joe Doe Guards 1-10 Should be Dismissed.*

In Mr. Johnson's second amended complaint, he included John Doe Guards 1-10 as defendants. However, no facts or claims are alleged against John Doe Guards 1-10 outside of "Does 1-10 work[ed] as correctional officers, at all relevant times herein, as Westville Correctional Facility." [ECF 14 ¶ 16]. The John Doe Guards 1-10 have never been identified; and, because no individuals have ever been named to replace the anonymous designations, the claims against Joe Doe Guards 1-10 are dismissed. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997); *see, e.g.*, *Buchanan-Moore v. City of Milwaukee*, 576 F. Supp.2d 944, 950 (E.D. Wis. 2008).

CONCLUSION

For these reasons, the court GRANTS Sergeant Nichols motion to join [ECF 29], GRANTS in part the motion to dismiss as to counts 1, 2, 3 (except the excessive force claim against Officer Brown), 4, 5, 6, 11, and 17 as a matter of law [ECF 20], GRANTS in part the motion to dismiss as to counts 7, 9, 10, 12, 13, 14, and 15 for lack of jurisdiction [ECF 20], and DENIES the motion in part as to counts 3 (only as to the excessive force claim), 8, and 16 [ECF 20]. For clarity, the remaining claims in this court are Mr. Johnson's federal claim for excessive force against Officer Brown; state law constitutional claim against Officer Brown; and state law battery claim against Officer Brown. Only Officer Brown remains as a defendant.

SO ORDERED.

February 18, 2022                          *s/ Damon R. Leichty*
                                           Judge, United States District Court